1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8
9
10

JEANNIE M. MOORE,

11                          Plaintiff,

12              v.

13

CAROLYN W. COLVIN, Acting
14  Commissioner of the Social Security
    Administration,
15
                              Defendant.
16

CASE NO. 2:15-cv-00360 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19  Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20  Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 16, 17).

21        After considering and reviewing the record, the Court concludes that the ALJ

22  erred when failing to credit fully plaintiff's credibility based on plaintiff's activities of

23  daily living and the objective medical evidence. The ALJ utilized circular reasoning by

24

failing to credit plaintiff's testimony regarding how she conducted her activities of daily living and making assumptions that plaintiff conducted her activities of daily living differently without any substantial evidence supporting those assumptions. The ALJ then used those assumptions as a basis for the failure to credit fully plaintiff's credibility.

Because this error is not harmless error, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings consistent with this order.

## BACKGROUND

Plaintiff, JEANNIE M. MOORE, was born in 1956 and was 50 years old on the amended alleged date of disability onset of September 6, 2006 (*see* AR. 10, 25, 111, 121-22). Plaintiff graduated from high school and is a certified nursing assistant (AR. 27). Plaintiff has work experience as a housekeeper, program facilitator for a nutrition service and certified nursing assistant for home care (AR. 150-54).  Plaintiff's last employment ended when she was off because of pain more than she was working and felt it was not fair to the client (AR. 33).

According to the ALJ, through the date last insured, plaintiff has at least the severe impairments of "lumbar degenerative disc disease, degenerative joint disease, and osteoarthritis (20 CFR 404.1520(c))" (AR. 12).

At the time of the hearing, plaintiff was living with her husband (AR. 27).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

1   reconsideration (*see* AR. 52-55, 56-60). Plaintiff's requested hearing was held before

2   Administrative Law Judge Mary Gallagher Dilley ("the ALJ") on July 31, 2013 (*see* AR.

3   21-50). On November 14, 2013, the ALJ issued a written decision in which she

4   concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 7-

5   20).

6             In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or

7   not the ALJ erred in determining that plaintiff had the residual functional capacity to

8   perform light work, could lift and/or carry 20 pounds occasionally and 10 pounds

9   frequently, could stand and/or walk for 6 hours in an 8-hour work day, could sit for 6

10   hours in an 8-hour work day, could frequently climb, balance, stoop, kneel, crouch, and

11   crawl, and could frequently reach in all directions; (2) Whether or not the ALJ erred in

12   finding that not all of claimant's symptom allegations were credible; (3) Whether or not

13   the ALJ erred in assigning the amount of weight given to the opinions of treating

14   physician Daniel Garcia, M.D.; and (4) Whether or not the ALJ erred in determining that

15   plaintiff was capable of performing past work as a housekeeper and dietary assistant (*see*

16   Dkt. 13, p. 1). Because the Court concludes that issue number two is dispositive, this

17   issue will be discussed first and the remaining issues will be discussed only briefly.

18                               <u>STANDARD OF REVIEW</u>

19             Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

20   denial of social security benefits if the ALJ's findings are based on legal error or not

21   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

2  1999)).

3  <u>DISCUSSION</u>

4  (1)   **Whether or not the ALJ erred in finding that not all of plaintiff's**

5        **symptom allegations were credible.**

6        Plaintiff contends that the ALJ erred by failing to credit all of plaintiff's

7  allegations, while defendant contends that the ALJ's reasoning is proper. When failing to

8  credit fully plaintiff's credibility, the ALJ relied on plaintiff's activities of daily living

9  and the objective medical evidence (*see* AR. 14-15).

10       According to the Ninth Circuit, "we may not take a general finding -- an

11 unspecified conflict between Claimant's testimony about daily activities and her reports

12 to doctors -- and comb the administrative record to find specific conflicts." *Burrell v.*

13 *Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). If an ALJ rejects the testimony of a

14 claimant once an underlying impairment has been established, the ALJ must support the

15 rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v.*

16 *Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918

17 (9th Cir.1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing*

18 *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47).

19

20       The ALJ relied in part on plaintiff's activities of daily living when failing to credit

21 fully plaintiff's allegations regarding limitations, noting that plaintiff was independent in

22 her self-care; was able to prepare complete, multicourse meals; and "stated that she was

23 able to complete household chores including dishes, laundry, dusting, pulling weeds, and

24

1    pruning roses" (AR. 15). The ALJ found that if plaintiff's "back and neck pain were as

2    significant as alleged, it is unlikely that she would have been able to engage in these

3    many activities" (*id.*). However, in so finding, the ALJ completely disregarded plaintiff's

4    testimony regarding how she conducted her activities of daily living, without explanation

5    and without support from the record.

6         Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that

7    the mere fact that a plaintiff has carried on certain daily activities  . . . .  does not in any

8    way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625,

9    639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

10   The Ninth Circuit specified "the two grounds for using daily activities to form the basis

11   of an adverse credibility determination: (1) whether or not they contradict the claimant's

12   other testimony and (2) whether or not the activities of daily living meet "the threshold

13   for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at

14   603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to

15   the daily activities' and their transferability to conclude that a claimant's daily activities

16   warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch

17   v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). The ALJ here made no finding regarding

18   plaintiff's activities of daily living constituting transferable work skills.

19        The Ninth Circuit recently revisited this issue of activities of daily living and their

20   consistency with pain-related impairments described by a claimant:

21        [T]he ALJ erred in finding that these activities, if performed in the
          manner that [the claimant] described, are inconsistent with the pain-
22        related impairments that [the claimant] described in her testimony. We

ORDER ON PLAINTIFF'S COMPLAINT - 5

have repeatedly warned that ALJs must be especially cautious in
concluding that daily activities are inconsistent with testimony about
pain, because impairments that would unquestionably preclude work and
all the pressures of a workplace environment will often be consistent
with doing more than merely resting in bed all day. *See, e.g., Smolen v.
Chater*, 80 F.3d , 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security
Act does not require that claimants be utterly incapacitated to be eligible
for benefits, and many home activities may not be easily transferable to a
work environment where it might be impossible to rest periodically or
take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d
597, 603 (9th Cir. 1989) ("[M]any home activities are not easily
transferable to what may be the more grueling environment of the
workplace, where it might be impossible to periodically rest or take
medication.") Recognizing that "disability claimants should not be
penalized for attempting to lead normal lives in the face of their
limitations," we have held that "[o]nly if [her] level of activity were
inconsistent with [a claimant's] claimed limitations would these
activities have any bearing on [her] credibility." *Reddick v. Chater*, 157
F.3d 715, 722 (9th Cir. 1998) (citations omitted in original): *see also
Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical
difference between activities of daily living and activities in a full-time
job are that a person has more flexibility in scheduling the former than
the latter, can get help from other persons  .  .  .  , and is not held to a
minimum standard of performance, as she would be by an employer. The
failure to recognize these differences is a recurrent, and deplorable,
feature of opinions by administrative law judges in social security
disability cases." (citations omitted in original)).

*Garrison v. Colvin*, 759 F.3d 955, 1016 (9th Cir. 2014).

Regarding self-care, plaintiff indicated that she had "to sit while showering" (AR.
143). Plaintiff also indicated that when preparing large meals, she had to "sit and rest
during prep" (AR. 144). She further indicated that how often she does laundry, dusts,
pulls weeds and prunes roses "depends on how I'm feeling" (*id*.). These indications are
consistent with plaintiff's testimony that completing acts of self-care and doing each of
her activities of daily living is a "long, drawn out process" (AR. 39). Plaintiff testified
that she would eat; then have to sit down and rest; and then she could take a shower; and

then have to sit down and rest before getting dressed (*see id.*). The ALJ's implied finding

that plaintiff conducts her daily activities differently than she indicates is not based on

substantial evidence in the record, but is based on speculation. *See* SSR 86-8, 1986 SSR

LEXIS 15 at *22 (an ALJ may not speculate). In order to avoid circular reasoning, an

ALJ must have a valid reason for finding a claimant not credible before finding that a

claimant does her activities of daily living differently than the claimant testifies to, then

relying on this speculation regarding the daily activities in order to support an adverse

credibility finding. *See id.* An ALJ's finding that a claimant is not credible must be based

on specific evidence that undermines the claimant's complaints, not on findings that

presume first that a claimant is not credible. *See Greger v. Barnhart*, 464 F.3d 968, 972

(9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th

Cir. 1999)).

   For these reasons and based on the record as a whole, the Court concludes that the

ALJ's reliance on plaintiff's activities of daily living as a basis to reject her allegations of

limitations is not based on substantial evidence in the record and does not entail clear and

convincing reasons for failing to credit fully plaintiff's credibility and allegations.

   When failing to credit fully plaintiff's credibility, the only other reason provided

by the ALJ for her failure to credit fully plaintiff's credibility was the ALJ's finding that

plaintiff's "subjective reports of back and neck pain were out of proportion to the

objective medical evidence" (AR. 14). However, once a claimant produces medical

evidence of an underlying impairment, the ALJ may not discredit then a claimant's

testimony as to the severity of symptoms based solely on a lack of objective medical

evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 at *2, 1996 SSR LEXIS 4 at *3 (this Ruling emphasizes that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence").  In addition, the Court notes that the ALJ's finding that plaintiff's subjective reports were out of proportion to the objective medical evidence contradicts the opinion of treating physician, Dr. Daniel H. Garcia, M.D., that plaintiff's bone scan is "consistent with the pain she has in her neck and lower back" and that it "is probably a major source of her pain" (AR. 175).

        For these reasons, the Court concludes that the ALJ's finding that plaintiff's subjective reports "were out of proportion to the objective medical evidence" is not based on substantial evidence in the record as a whole.

        For the stated reasons and based on the record as a whole, the Court concludes that the ALJ failed to provide clear and convincing reasons for her failure to credit fully plaintiff's allegations and credibility. The Court also concludes that this is not harmless error.

        The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in

*Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). Even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the Court concludes that the ALJ's error is not inconsequential to the ultimate disability determination because had the ALJ credited plaintiff's allegations, the residual functional capacity would have been different, affecting the determination of whether or not plaintiff could perform her past work. *See Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). The Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* Therefore, this matter is reversed and remanded for further administrative proceedings, as requested by plaintiff.

(2)     **Whether or not the ALJ erred in assigning the amount of weight given to the opinions of treating physician Daniel Garcia, M.D.**

1        The Court already has concluded that this matter must be reversed and remanded

2  due to the ALJ's error in the evaluation of plaintiff's credibility, *see supra*, section 1.

3  However, the Court briefly notes that the ALJ failed to credit the opinion of treating

4  physician, Dr. Garcia, in part with a finding that some of his opinions were based on

5  plaintiff's ability to be independent in her self-care and her activities of daily living (AR.

6  15). Since the Court has concluded that the ALJ made unsupported assumptions about

7  plaintiff's ability to do self-care and conduct activities of daily living, this rationale does

8  not support the ALJ's finding regarding the medical opinion of Dr. Garcia, *see supra,*

9  section 1. The Court also finds persuasive plaintiff's argument that "the ALJ does not

10  specifically address the amount of weight given to Dr. Garcia's opinion that [plaintiff] is

11  limited to 10 pounds occasional lifting and 5 pounds frequent lifting, occasional reaching,

12  and that she would miss three days per month of work [and] does not specifically state

13  why [she] does not accept the opinion [that] [plaintiff] is limited to less than six hours

14  standing in an eight hour workday" (Dkt. 13, p. 10). As noted by plaintiff, "the vocational

15  expert testified that the housekeeping job would be eliminated by the lifting restriction,

16  and the dietary assistant would be eliminated by the reaching limitation, and all jobs

17  would be eliminated by the absenteeism" (*id.* (*citing* AR. 47-49)). Therefore, these

18  opinions by the treating physician constitute significant probative evidence that the ALJ

19  should have discussed explicitly, as the Commissioner "may not reject 'significant

20  probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

21  Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting*

22  *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision

1   must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.  This

2   error, too, should be corrected following remand of this matter.

3       (3)    **Whether or not the ALJ erred in determining the plaintiff had the**
4              **residual functional capacity ("RFC") to perform light work, could lift**
               **and/or carry 20 pounds occasionally and 10 pounds frequently, could**
5              **stand and/or walk for 6 hours in an 8-hour work day, could sit for 6**
               **hours in an 8-hour work day, could frequently climb, balance, stoop,**
6              **kneel, crouch, and crawl, and could frequently reach in all directions.**

7           As a necessity, the RFC needs to be evaluated anew following remand of this

8   matter based on the errors already discussed, *see supra* sections 1 and 2. Similarly, the

9   ALJ's step four finding regarding plaintiff's ability to perform past work must be

10  evaluated anew following remand of this matter.

11                                          CONCLUSION

12          Based on the stated reasons and the relevant record, the Court **ORDERS** that this

13  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

14  405(g) to the Acting Commissioner for further consideration consistent with this order.

15          **JUDGMENT** should be for plaintiff and the case should be closed.

16          Dated this 3rd day of September, 2015.

17

18

19                                          _____
                                            J. Richard Creatura
20                                          United States Magistrate Judge

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 11